# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02702-DDD-STV

MICHAEL VILLECCO,

    Plaintiff,

v.

CHER R. HAAVIND; *et al*,

    Defendant.

___

## ORDER TO SHOW CAUSE
___

Chief Magistrate Judge Scott T. Varholak

    This civil action is before the Court on [#68] Order of USCA as to [#57] Notice of Appeal, which dismissed Plaintiff's appeal for failure to prosecute pursuant to Tenth Circuit Rule 42.1.

    Plaintiff, proceeding pro se, initiated this civil action on September 27, 2024. [#1] That same day, Plaintiff filed a Motion for Preliminary Injunction, which the Court denied. [## 4, 17] Plaintiff proceeded to file Motions for Temporary Restraining Order. [## 12, 13] Both of these Motions were denied. [#14] In its Order, the Court stated that "Plaintiff has continued this pattern of conduct in this case with successive baseless Motions" and gave Plaintiff notice that "all repetitive motions will be stricken going forward." [#14] Plaintiff continued to file Motions for Preliminary Injunctions [## 15, 19, 21, 27, 41, 49, 55] Pursuant to [#14] Order, the Court struck each of these Motions. [## 16, 20, 22, 28, 42, 50, 56]. Plaintiff appealed each of these Orders. [## 24, 29, 33, 38, 43, 52, 57] The

1

Tenth Circuit has repeatedly dismissed Plaintiff's appeals for lack of prosecution.  [## 61, 63, 65, 68]  Plaintiff has filed another Motion for Preliminary Injunction that is currently pending.  [#60]

### A. Failure to Prosecute

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Rule 41(b) "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders."[1]  *Vanmaanen v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017) (citing *Link v. Wabash R. Co.*, 370 U.S. 616, 630- 31 (1962)).  Accordingly, D.C.COLO.LCivR 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Furthermore, Federal Rule of Civil Procedure 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: . . . (C) fails to appear at a scheduling or other pretrial conference."  Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A)(ii)–(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii)    prohibiting the disobedient party from supporting or opposing

---

[1] Dismissal also is appropriate under Federal Rule of Civil Procedure 16(f)(1), which provides, in part: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order."  Rule 37(b)(2)(A)(v) permits the Court to sanction a party by "dismissing the action or proceeding in whole or in part."

2

>   >   designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)   striking pleadings in whole or in part;
>
> (iv)   staying further proceedings until the order is obeyed;
>
> (v)   **dismissing the action or proceeding in whole or in part;**
>
> (vi)   rendering a default judgment against the disobedient party; or
>
> (vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)–(vii) (emphasis added).

Although Plaintiff proceeds pro se, a party's pro se status does not exempt them from complying with the procedural rules that govern all civil actions filed in this District—namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. See *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the *pro se* party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

Accordingly, because Plaintiff has consistently failed to comply with the Court's orders and has neglected to prosecute the matters in this case without providing the Court with good cause for this failure, **IT IS ORDERED** that Plaintiff shall **SHOW CAUSE**, if any there be, in writing on or before **January 31, 2025**, why his claims should not be dismissed pursuant to Local Rules of Civil Practice of the United States District Court for the District of Colorado Rule 41.1 and Federal Rule of Civil Procedure 16(f) and 41(b) for failure to prosecute.

### B. Filing Restrictions

"[T]he right of access to the courts is neither absolute nor unconditional, and there

is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). District courts have the power to enjoin litigants who "abuse the court system by harassing their opponents." *Id*. at 352. The Tenth Circuit has further recognized that "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). "[E]ven onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (quotation omitted). "The conditions cannot be so burdensome, however, as to deny a litigant meaningful access to the courts." *Id*.

The Tenth Circuit has upheld filing restrictions on litigants when their "behavior amount[s] to a pattern of malicious, abusive, and frivolous litigation." *Demos v. Keating*, 33 F. App'x 918, 920 (10th Cir. 2002) (unpublished) (collecting cases). "These restrictions may be directed to provide limitations or conditions on the filing of future suits." *Mendoza v. Jefferson Cnty. Criminal Courthouse*, No. 17-cv-00632-GPG, 2017 WL 6349715, at *2 (D. Colo. Mar. 15, 2017) (citing *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981)). "Filing restrictions are appropriate where '(1) the litigant's lengthy and abusive history' is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) 'the litigant receives notice and an opportunity to oppose the court's order before it is instituted.'" *Lundahl v. Halabi*, 600 F. App'x 596, 609-610 (10th Cir. 2014) (quoting *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010)). "The notice and opportunity requirement does not, however, require an in-person hearing

4

in the district court." *Tripati*, 878 F.2d at 354.

Here, in addition to the instant matter, Plaintiff has filed seven additional cases in this District related to Plaintiff's application for, or entitlement to, state unemployment insurance benefits and pandemic unemployment insurance assistance. *See Villecco v. Barela* ("*Villecco I*"), 21-cv-02176-DDD-STV (filed August 10, 2021, dismissed August 18, 2022 for failure to state a claim); *Villecco v. Barela, et al.* ("*Villecco II*"), 22-cv-02403-DDD-STV, (filed September 16, 2022, dismissed February 17, 2023 for failure to prosecute); *Villecco v. Spesshardt* ("*Villecco III*"), 23-cv-1265-DDD-STV (filed May 19, 2023, dismissed December 6, 2023 for failure to prosecute); *Villecco v. Spesshardt, et al* ("*Villecco IV*"), 23-cv-02029-DDD-STV (filed August 9, 2023, dismissed February 9, 2024 for failure to prosecute); *Villecco v. Spesshardt, et al* ("*Villecco V*"), 24-cv-02154-DDD-STV (filed August 2, 2024, *pending*); *Villecco v. Haavind et al* ("*Villecco VI*"), 24-cv-02483-DDD-STV (filed September 9, 2024, *pending*); *Villecco v. Kennedy et al* ("Villecco VIII"), 25-cv-00072-DDD-STV (filed January 9, 2025, *pending*). Across these cases, Plaintiff has engaged in a lengthy, abusive, and consistent pattern of initiating litigation with no apparent desire to prosecute the matters within the bounds of a court's rules and orders. Among Plaintiff's eight matters (three of which have been dismissed for failure to prosecute), Plaintiff has not appeared—either in person or by telephone—for any of the combined eight hearings or conferences that have been held. *Villecco I*, Docket Numbers 31 (January 27, 2022), 51 (April 20, 2022), 56 (June 22, 2022); *Villecco II*, Docket Number 31 (December 31, 2022); *Villecco III*, Docket Numbers 38 (August 17, 2023), 42 (September 26, 2023); *Villecco IV*, Docket Number 41 (December 7, 2023); *Villecco V*, Docket Number 40 (September 10, 2024). Instead of adhering to Court rules, orders, and

5

procedures, Plaintiff has instead filed "groundless motions and objections," resulting in an "endless stream of repetitive motions for reconsideration, clarification, and the like." [#14]; *Villecco I*, Docket Number 134 (December 6, 2023); *Villecco II*, Docket Number 100 (December 6, 2023); *see also Villecco III*, Docket Number 52 at 2 (December 6, 2023) (discussing Mr. Villecco's "multiple frivolous motions" and "repetitive objections and motions"); *Villecco IV*, Docket Number 60 (February 9, 2024); *Villecco V*, Docket Number 40 (September 10, 2024); and *Villecco VI*, Docket Number 22 (October 9, 2024) (each discussing Mr. Villecco's "repetitive cases and meritless motions and objections"). Plaintiff has also filed a combined 35 notices of appeal among these seven cases. [## 24, 29, 33, 38, 43, 52, 57]; *Villecco I*, Docket Numbers 70 (September 16, 2022), 88 (July 19, 2023), 95 (August 21, 2023), 111 (October 12, 2023), 129 (November 20, 2023); *Villecco II*, Docket Numbers 69 (March 17, 2023), 80 (April 21, 2023), 94 (August 17, 2023); *Villecco III*, Docket Numbers 10 (June 5, 2023), 35 (August 14, 2023); *Villecco IV*, Docket Numbers 26 (October 12, 2023), 43 (December 8, 2023), 66 (February 15, 2024), 73 (February 20, 2024), 76 (February 21, 2024), 80 (February 29, 2024), 89 (March 11, 2024), 110 (June 7, 2024), 114 (June 12, 2024); *Villecco V*, Docket Numbers 37 (September 9, 2024), 46 (October 15, 2024); *Villecco VI*, Docket Numbers 28 (October 17, 2024), 36 (October 23, 2024), 42 (October 31, 2024), 49 (November 13, 2024), 59 (November 25, 2024), 65 (December 4, 2024), and 71 (December 10, 2024).   Each of Plaintiff's appeals across these six cases—and the instant case—have been dismissed by the Tenth Circuit for failure to prosecute. [## 61, 63, 65, 68]; *Villecco I*, Docket Numbers 75 (November 21, 2022), 106 (October 3, 2023), 124 (October 27, 2023); *Villecco II*, Docket Number 89 (May 19, 2023), 91 (June 28, 2023), 104 (October 26,

6

2023); *Villecco III*, Docket Numbers 19 (July 10, 2023), 39 (September 7, 2023); *Villecco IV*, Docket Numbers 38 (November 17, 2023), 50 (January 9, 2024), 96 (May 9, 2024), 115 (June 13, 2024); *Villecco V*, Docket Numbers 42 (October 1, 2024), 64 (December 12, 2024); and *Villecco VI*, Docket Numbers 76 (December 18, 2024), 78 (December 12, 2024), 80 (December 26, 2024), 82 (December 27, 2024), 84 (January 3, 2025).

Ultimately, as set forth in *Villecco II*, Plaintiff "has exhibited a consistent pattern of disregard for court orders, settings, and procedures in this case and others." *Villecco II*, Docket Number 57 at 6 (February 17, 2023) (citing *Villecco v. Klein*, No. 18-CV-100-SWS, 2019 WL 3322084 (D. Wyo. June 28, 2019) (dismissing Plaintiff's case for failure to prosecute based on a lack of response to an order to show cause), *appeal dismissed sub nom. Villecco v. Stark*, No. 19-8049, 2019 WL 7946341, at *1 (10th Cir. Sept. 17, 2019) (dismissing Plaintiff's appeal for failure to respond to an order to show cause); *Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 534 (10th Cir. 2017) (affirming dismissal of Plaintiff's case for failure to prosecute).

Indeed, filing restrictions have already been imposed on Mr. Villecco in light of his "pattern of spurious and frivolous litigation tactics." *Villecco III*, Docket Number 52 at 2 (December 6, 2023)  As explained by Judge Domenico, "[a]cross the cases he has initiated in this District, Mr. Villecco has repeatedly wasted the time and resources of this Court, the Tenth Circuit Court of Appeals, and the defendants by filing repetitive objections and motions and neglecting to prosecute the many appeals he has filed." *Id.* In light of the requirement that filing restrictions be "carefully tailored," the filing restrictions were limited to *Villecco I*, *Villecco II*, and *Villecco III* as well as any new action seeking redress for denial of state unemployment insurance benefits or pandemic unemployment

7

assistance. *Id.* In *Villecco IV*, the Court expanded Plaintiff's tailored filing restrictions and provided more specific guidelines as to what Plaintiff must do to obtain permission to make an otherwise enjoined filing. *Villecco IV*, Docket Number 62 (February 13, 2024). These filing restrictions have applied to new actions in this District raising claims related in any way to state unemployment insurance benefits or pandemic unemployment assistance without the representation of a licensed attorney admitted to practice in the District of Colorado. *Id*. This includes *Villecco V*, *Villecco VI*, and the instant case.

Plaintiff, however, has continued in this matter with the same abusive litigation behavior exhibited across all of his cases—filing frivolous motions and repetitive objections [## 12, 13, 15, 19, 21, 27, 41, 49, 55]; and initiating seven interlocutory appeals [## 24, 29, 33, 38, 43, 52, 57] that are then dismissed for failure to make the required filings [## 61, 63, 65, 68]. It is difficult to imagine a clearer "pattern of malicious, abusive, and frivolous litigation." *Demos*, 33 F. App'x at 920 (collecting cases).

Accordingly, **IT IS ORDERED** that Plaintiff shall **SHOW CAUSE**, if any there be, in writing on or before **January 31, 2025** why the filing restrictions already imposed on Mr. Villecco should not be **EXPANDED** as follows:

(1) Plaintiff Michael Villecco will not be permitted to file pro se any new matters in this District unless he is under imminent danger of serious physical injury. Should Plaintiff seek to bring a new matter in this District based upon the exception that he is under imminent danger of serious physical injury, he must make specific and credible allegations to that effect.

(2) If Plaintiff, proceeding pro se, desires to make any filing otherwise enjoined by Paragraph (1), he shall file a petition with the Clerk of Court requesting leave to file. Such petition shall include:

  a. A copy of the Order imposing filing restrictions;

  b. A copy of the proposed filing;

    c.  A list, by case name, number, and citation where applicable, of all proceedings initiated by Mr. Villecco currently pending or previously filed, in this or any other court, with a statement indicating the status or disposition of each proceeding; and

    d.  An affidavit which recites the issues he seeks to present, including a short statement of the legal basis asserted for the challenge. The affidavit must also certify, to the best of Plaintiff's knowledge, that the legal arguments advanced are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the filing is not interposed for any improper purpose; and that he will comply with all federal rules and local rules of this Court.

 (3) For any future matters filed in this District, Plaintiff shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to Judge Domenico for determination as to whether Plaintiff has adhered to the restrictions imposed and whether the filing is lacking in merit, duplicative, frivolous, or malicious. Judge Domenico may either allow the filing or issue an order of denial.

**Plaintiff is specifically advised that failure to comply with this Order and timely show cause on or before January 31, 2025 may result in a recommendation that this action be dismissed with prejudice and that the filing restrictions on Mr. Villecco be expanded as proposed above.**

DATED:  January 17, 2025      BY THE COURT:

                  s/Scott T. Varholak
                  Chief United States Magistrate Judge